## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**HAROLD BACON,**

       Petitioner,

v.

**FREDERICK ENTZEL, Warden,**

       Respondent.

**Civil Action No. 3:18-CV-148 (GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 14, 2018, the *pro se* Petitioner, a federal inmate at Federal Correctional Institution ("FCI") Hazelton, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"), challenging the validity of his conviction[1] and sentence imposed in the Western District of Pennsylvania. ECF No. 1.[2] Attached to the petition was a nine-page memorandum of law in support thereof. ECF No. 1-1.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rules of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] Although Petitioner indicated on page 1 of the Petition that he was challenging his conviction and sentence, he only made arguments as to the defectiveness of his sentence; although in support of that argument, Petitioner asserts he would not have entered his plea but for the potential mandatory life sentence enhancement pursuant to 21 U.S.C. § 851.

[2] ECF Numbers cited herein refer to Case No. 3:18-CV-148, unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY[3]

### A. Conviction and Sentence

On June 7, 2011, in the Western District of Pennsylvania, Petitioner was named in four counts of an eight-count superseding indictment in Case No. 2:11-CR-42. ECF No. 143. On November 8, 2012, pursuant to a written plea agreement,[4] Petitioner entered a plea of guilty to Conspiracy to Distribute and Possession with the Intent to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in the lesser included offense of Count 1 and Count 4 of the Superseding Indictment, respectively. ECF Nos. 1009, 1206, 1222. The remaining counts of the superseding indictment as to Petitioner were dismissed on motion of the United States. ECF Nos. 1206 at 1, 1224 at 38.

On November 5, 2012, an Information Stating Prior Convictions Pursuant to 21 U.S.C. § 851 was filed, alleging that Petitioner has previously been convicted of five prior felony drug offenses. ECF No. 1001. Accordingly, the Government sought to have Petitioner sentenced as a career offender. ECF No. 1222 at 13. On April 9,

---

[3] Unless otherwise noted, the CM/ECF references in sections II.A., II.B., and II.C. refer to entries in the docket of Petitioner's Criminal Case No. 2:11-CR-42 in the United States District Court for the Western District of Pennsylvania, available on PACER. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[4] A review of the underlying record reveals no written plea agreement filed on PACER in Case No. 2:11-CR-42 in the Western District of Pennsylvania; however, there is a transcript of Petitioner's Change of Plea Hearing, which makes evident the existence of a written plea agreement. ECF No. 1222. Moreover, that court's Order Denying Petitioner's § 2255 makes note of the same. ECF No. 1338 at 1.

2013,[5] Petitioner was sentenced pursuant to United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 4B1.1 to a term of imprisonment of "240 months as to Count 1s and 60 months imprisonment as to Count 4s to be served consecutively," for a total term of imprisonment of 300 months.[6]  ECF No. 1206 at 3.

### B. Direct Appeal[7]

On April 11, 2013,[8] Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit, what was later assigned Docket No. 13-2152.  ECF No. 1205.  On September 18, 2013, the Circuit Court issued a mandate granting the Government's Motion to Enforce Appellate Waiver, thereby terminating Petitioner's direct appeal.  ECF No. 1278.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief

On December 5, 2014, Petitioner filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  ECF No. 1331.  Petitioner also filed a 25-page Memorandum of Law in support thereof, in which he alleged ineffective assistance of counsel and requested "*de novo* review in light of Alleyne."[9]  ECF Nos. 1331 at 5, 1332 (emphasis added).  The Government filed a response on December 22, 2014.  ECF No. 1337.  On December 23, 2014, the district court denied the § 2255 Motion, "based upon the appellate waiver

---

[5] Judgment was imposed on April 9, 2013, but not filed until April 11, 2013.  ECF No. 1206.

[6] The undersigned notes that the sentencing court determined the "applicable advisory guideline range [to be] 352 to 425 months imprisonment."  ECF No. 1224 at 4.

[7] In the instant § 2241 Motion, Petitioner asserts that he did not directly appeal his judgment of conviction or imposition of the sentence.  ECF No. 1 at 3.

[8] Petitioner stated on the record at his sentencing hearing on April 9, 2013, that he wished to file an appeal.  ECF No. 1224 at 36.

[9] Alleyne v. United States, 570 U.S. 99 (2013) (vacating the defendant's 18 U.S.C. § 924(c)(1)(A) conviction as it was based on a finding that he brandished a firearm even though the jury did not find brandishing beyond a reasonable doubt).

contained in his binding plea agreement." ECF No. 1338 at 2.

## III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's LR PL P, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), this Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if this Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[10] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[10] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

4

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[11] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[12] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[11] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[12] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

In support of the instant § 2241 Motion before this Court, Petitioner asserts as his sole ground for relief that his sentence under the post-Booker[13] advisory Guidelines "is a fundamental defect." ECF No. 1 at 5. Petitioner supports this claim by arguing that his sentence "is a product of a plea induced on an unconstitutionally vague provision pursuant to 21 U.S.C. §851 via the definition of a felony drug offense pursuant to §802(44)." ECF No. 1-1 at 1. Petitioner asserts that he "entered a plea based on the fact that [he] was subjected to an increased penalty of mandatory life in prison under the §851" and "had [he] not been subjected to the enhancement, [he] would not have entered the plea." ECF No. 1 at 5. For relief, Petitioner asks this Court to vacate his conviction and resulting sentence as a career offender. Id. at 8. Because Petitioner fails to demonstrate that a § 2255 Motion is "inadequate or ineffective" for the reasons discussed below, he fails to satisfy the § 2255(e) savings clause, and the instant § 2241 Petition should be dismissed. Moreover, to the extent that Petitioner argues § 851 is unconstitutionally vague, the undersigned does not address that argument because Petitioner was not sentenced pursuant to 21 U.S.C. § 851, but rather as a career offender pursuant to U.S.S.G. 4B1.1.[14]

To invoke the savings clause under § 2255(e) in order to challenge a sentence, a prisoner must demonstrate that relief pursuant to § 2255 is "inadequate or ineffective."

---

[13] United States v. Booker, 543 U.S. 220 (2005).

[14] The undersigned notes that while the underlying record and Petitioner's sentence do not reflect a § 851 mandatory life sentence—during Petitioner's sentencing hearing, the Assistant United States Attorney stated that Petitioner's sentence "could actually have been a mandatory life sentence with the 851 information had [they] pursued the charge through trial, and one kilo of heroin would have made it a mandatory life sentence." ECF No. 1224 at 23.

8

28 U.S.C. § 2255. Relief pursuant to § 2255 is not "inadequate or ineffective" in this case for several reasons.

First, although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Liberally construed, it appears Petitioner challenges both his conviction and his sentence. Accordingly, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, the crimes of which Petitioner was convicted—Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or More of a Mixture of Substance Containing a Detectable Amount of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime—remain criminal offenses. Therefore, Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Next, Petitioner asserts that relief by way of a § 2255 is "inadequate or ineffective" and that "this motion is properly presented in this §2241, pursuant to the 4th Circuit's decision in Wheeler." ECF No. 1 at 9. Therefore, because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even assuming for the sake of argument that Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[15] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this might have been a misapplication

---

[15] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

10

of the career offender enhancement,[16] the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Insofar as Petitioner asserts that he is entitled to relief under <u>Johnson</u>,[17] in which the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), or 18 U.S.C. § 924(e)(2)(B), for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment, he is not entitled to relief. In order to be entitled to raise a <u>Johnson</u> argument in the instant § 2241 Motion, Petitioner must first demonstrate that a § 2255 Motion is "inadequate or ineffective" and thereby satisfies the § 2255(e) savings clause. As previously noted, a mere time bar for bringing a § 2255 motion does not make such a motion "inadequate or ineffective." Therefore, even assuming for the sake of argument that Petitioner has a <u>Johnson</u> claim as he asserts in the Petition,[18] those claims are clearly time-barred and no further analysis is necessary.[19]

---

[16] The undersigned again notes that Petitioner asserts he was subjected to "the enhancement under §851," but Petitioner was not sentenced pursuant to that enhancement. Petitioner was sentenced as a career offender, pursuant to U.S.S.G. 4B1.1. ECF No. 1-1 at 8. See *supra* note 15.

[17] <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

[18] It appears that Petitioner misunderstands the holding of <u>Johnson</u> and its extension in the holding of <u>Dimaya</u>; he mistakenly asserts that "the analysis in <u>Johnson</u> and <u>Dimaya</u> equally appl[ies] to the §851 definition of a felony drug offense under §802(44)." ECF No. 1-1 at 5. Petitioner further alleges that "his sentence is a product of an erroneous enhancement . . . [and] based on <u>Sessions v. Dimaya</u> [138 S. Ct. 1204 (2018)], the definition of a felony drug offense is unconstitutionally vague." ECF No. 1-1 at 2. Petitioner relies on the holdings of <u>Johnson</u> and <u>Dimaya</u> in furthering his point, arguing that "<u>Johnson</u> transformed the vagueness doctrine, and <u>Dimaya</u> confirms [its] application is to any statute that violates the doctrine." ECF No. 1-1 at 4 (emphasis added). The undersigned notes that the holdings of <u>Johnson</u> and <u>Dimaya</u> involved "unconstitutionally vague" definitions of "crime of violence" under the Armed Career Criminal Act ("ACCA"), or 18 U.S.C. § 924(e)(2)(B), and the Immigration and Nationality Act ("INA"), or 18 U.S.C. § 16(b), respectively. Petitioner in this case was sentenced under U.S.S.G. 4B1.1, and it seems may have been facing a § 851 enhancement—neither of which were invalidated by <u>Johnson</u> or <u>Dimaya</u>.

[19] The one-year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in <u>Johnson</u> expired on June 26, 2016.

Accordingly, Petitioner has not satisfied the § 2255(e) savings clause and his claim for relief may not be considered on the merits because this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 28, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE